IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CHATMAN COUNTY GEORGIA

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 MAR -5  AM 10: 33

CLERK_____TRB_____
SO. DIST. OF GA.

MAYNARD SANDERS,                    )

   Plaintiff,                       )

                                    )
                                     CIVIL CASE NO.:  **CV419-052**

v.                                  )(To  be  assigned  by  the  Clerk  of
                                     Court)

CHATHAM COUNTY,                     )
SHERIFF JOHN WILCHER,
CAPTAIN JOHN DOE, AND               )
DEPUTY JERMAINE MINOR.
                                    )

   Defendants.                      )

I. This Court have jurisdiction over this action pursuant to **42 U.S.C. § 1983**, and the TORT laws of Georgia. *1

II. <u>PLAINTIFF</u>

A.  Maynard  Sanders-  Inmate  No:  14098-021,  Address:  Federal Correctional Institution Jesup, 2680 Highway 301 South, Jesup, Georgia 31599.

III. Plaintiff have "never" filed any previous lawsuit in no United States District Court prior to this lawsuit action.

IV. <u>STATEMENT OF THE CLAIM[S]</u>

CLAIM 1: Sexual Assault And Battery against defendant J. Minor in violation of Sanders Fourteenth Amendment right secured to Sanders under the Constitution. Plaintiff Maynard Sanders aver the following: ......

---

*1 Plaintiff Sanders respectfully request that this Honorable Judge and Court would afford him all the benefits of **Haines v. kerner**, 404 U.S. 519.

1. In the month of February 2017, Sanders was sexually assaulted and battered by defendant J. Minor during a pat search when Sanders had come from visitation and Minor was acting within the course of his responsibilty when he forcefully and excessively physically groped and squeezed plaintiff penis during this search of plaintiff person.

2. Plaintiff further asserts, that he was housed in Chatham County Jail on February 2017, as a detainee awaiting a trial process when these unlawful acts was perpetrated against him by defendant J. Minor.

3. Furthermore, concerning the sexual assault incident that occurred in February 2017, defendant J. Minor also informed plaintiff Sanders (while searching Sanders) don't move as he was searching plaintiff when he was going back into his Unit 2 Dorm housing area. Plaintiff further aver, that defendant J. Minor also left his "cell phone number" in plaintiff cell and plaintiff gave the cell phone number to a "PREA" officer named Harvey who did two interviews with plaintiff Sanders, interviews that were documented and recorded.

4. Defendant J. Minor also asked plaintiff several times to have sex with him and asked plaintiff could he (J. Minor) give plaintiff oral sex, and plaintiff informed J. Minor with the answer "NO" every time Minor would ask plaintiff this! Plaintiff also called deputy Minor cell phone for the jail staff to support his allegation that plaintiff was not making false accusations concerning defendant J. Monor. To the best of plaintiff knowledge this cell phone call to deputy Minor was recorded and documented.

5. In the month of March 2017, plaintiff was moved to an isolated unit by Principle Jail Staff because of his allegation against deputy Minor. To the best of plaintiff knowledge deputy J. Minor was finally after numerous months (at least eight) put under investigation by the "FBI" and J. Minor was charged with sex crimes by the federal goverment for multiples sex offenses against inmates at Chatham County Jail in Savannah, GA.

-2-

6. To the best of plaintiff knowledge, defendant deputy J. Minor was also fired from working as a deputy at Chatham County Jail in Savannah, GA. Plaintiff further asserts that he was placed in the "hole" segregation unit while housed at Chatham County Jail for no reason. Plaintiff was denied access to the telephone to call his family members for numerous months.

7. Plaintiff was also denied grievance remedies to process by the grievance system the unlawful sexual acts that deputy J. Minor committed against him. There was an attorney by the name of Shalena Cook Jones , and she came to the jail to speak to plaintiff about the sexual assault incident and the attorney took plaintiff case PRO BONO, but this attorney never filed anything to the Courts on plaintiff behalf.

8. Plaintiff further, have numerous documents where this attorney was interacting with plaintiff as his PRO BONO attorney, but plaintiff found out later that this attorney may have been a con or fraud sent to him by someone in Chatham County Jail to deceive and deter him from filing a civil action against deputy J. Minor and Chatham County.

In Conclusion, plaintiff asserts herein that defendant J. Minor at all times relevant concerning the events described herein, was acting under color of state and federal law in the performance of his responsibilities and he (Minor) is sued in his individual capacity.

---

CLAIM 2: Negligent Training, Negligent Retention, and Negligent Supervision against - defendants - Chatham County, Sheriff John Wilcher, and Captain John Doe, at all times relevant concerning the events described herein, were acting under color of state and federal law in the performance of their responsibilities and they are sued in their official and individual capacities.

-3-

**1.** Negligent Training against these defendant - Plaintiff alleges that the County of Chatman, Sheriff Wilcher, and Captain Doe negligently or inadequately trained deputy J. Minor in the performance of his duties, and in the policies and practices regarding physical contact with plaintiff Sanders and other inmates (detainees) housed at Chatham County Jail.

**2.** Negligent Retention - Plaintiff alleges that Chatham County, Sheriff Wilcher, and Captain Doe negligently retained deputy J. Minor and these defendants "knew or should have known that J. Minor was dangerous, committing sexual criminal acts against plaintiff and other inmates, they also knew or should have known that J. Minor was unreasonable, and unnecessarily derelict in the performance of his duties and was prone to be reckless and committing unlawful acts of sexual assaults, battery, and sexual harassments against Chatham County Jail inmates in the performance of his (Minor) duties.

**3.** Negligent Supervision - Plaintiff further alleges, that Chatham County, Sheriff Wilcher, Captain John Doe, were negligent in their supervision of deputy J. Minor - during the course of employment - the employer such as: Chatham County, Sheriff Wilcher, and Captain Doe became aware or should have become aware of the reported problems of sexual assaults that was reported against deputy Minor on numerous occasions and numerous months with and about their employee (Minor), that indicated his unfitness, and these employers failed to take appropriate actions such as: investigation, discharge, or reassignment. Each of these defendants' received actual and constructive notice of the problems with its deputy J. Minor unfitness, and it was unreasonable for these defendants not to investigate or take corrective action in a "reasonable time frame" to prevent plaintiff Sanders from being sexually assaulted and harassed by J. Minor.

-4-

CLAIM 3: <u>Respondeat Superior</u> - Plaintiff asserts to hold the County of Chatham vicariously responsible for deputy J. Minor unlawful acts of sexual assault, battery, and sexual harassment. Plaintiff asserts, that Chatham County - through - Sheriff Wilcher and Captain Doe acting within the course and scope of their employment, was negligent in the following ways: (A) failing to "properly investigate sexual assault allegations complaints that Chatham County Jail inmates were making against deputy J. Minor; (B) failing to verify if the sexual allegations complaints was subject to pending investigation; (C) failing to give plaintiff and other inmates grievance remedies forms to process and document sexual allegations against deputy J. Minor; and (D) failing negligently and gross negligently to cover up the incidents of deputy Minor sexual assault and abuse allegation by willfully and intentionally placing plaintiff Sanders in the hole, taking his phone privileges away from him for no legitimate reason, then transfer him from Chatman County Jail to another Facility and then bringing him back to Chatham County Jail.

IN CONCLUSION, PLaintiff states that these defendants infringed and violated his Constitutional right and the State tort laws of Georgia against him (Plaintiff)

## V. INJURY

Plaintiff have suffered injuries physical and severe emotional injuries from the acts and omissions of these defendants in this case at bar - injuries such as - physical insomnia sleeplessness (deprivation of sleep from the incident), emotional injuries such as: severe post traumatic stress disorder **(PTSD)**. Plaintiff have been prescribed (PTSD) medication for his symptoms fromthe acts of these defendants.

-5-

## VI. RELIEF REQUESTED

Plaintiff respectfully request that this Honorable Judge and Court would award him compensatory damages, punitive damages and cost against each of these defendants in the aggregate amount or sum of at least - $25,000,000.00 - Plaintiff have been injured and damaged greatly - emotionally and will need psychological treatment for the rest of his life.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that I am the plaintiff in this above action, that I have read the above complaint and the information contained in the complaint is true and accurate. **Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.**

Executed at - Federal Correctional Institution JESUP, GA. - on January 30, 2019 /S/ _Maynard Sanders_
Maynard Sanders

Maynard Sanders
#14098-021
FCI - JESUP
2680 Highway 301 South
Jesup, Georgia 31599

-6-

Maynard Sanders
Federal Correctional Institution
2680 Highway 301 South
Jesup, Ga. 31599

⇔14098-021⇔
Clerk Court
125 BULL ST
Savannah, GA 31401
United States