# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MAYNARD SANDERS,          )
                         )
     Plaintiff,          )
                         )
v.                       )          CV419-052
                         )
SHERIFF JOHN WILCHER, et al.,   )
                         )
     Defendants.        )

## REPORT AND RECOMMENDATION

Before the Court is plaintiff's Motion to Voluntarily Dismiss with Stipulation. Doc. 4. In it, plaintiff requests that the Court allow him to voluntarily dismiss his case with leave to refile within 60 days because he is in the process of exhausting his administrative remedies. Doc. 4 at 2. If the Court does not allow this odd hybrid dismissal, plaintiff wishes his case to proceed.

Generally, under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Gamer*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *but see Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856-57

(2016) (clarifying that where a remedy is available in name only (i.e., it is "officially on the books, [but] not capable of use to obtain relief"), an inmate need not exhaust it).  While exhaustion is not normally a basis for dismissal at this stage, plaintiff has affirmatively stated that he has not yet exhausted his administrative remedies.  *See Cole v. Sec'y, Dep't of Corrs.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint") (*citing Jones*, 549 U.S. at 216).

However, this is not the only basis upon which Mr. Sanders' case should be dismissed.  He has failed to comply with the March 21, 2019 deadline for returning his Prisoner Trust Fund Account Statement and Consent to Collection of Fees Form.  *See* doc. 3 at 4 (warning of dismissal if he did not comply). *See* Fed. R. Civ. P. 41(b); L.R. 41.1(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, plaintiff's complaint should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written

objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>12th</u> day of July, 2019.


_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA